Hitchcock, J.
It will be seen by the record in this case, that the order of the Court of Common Pleas is in the common form of the appointment of an administrator upon the estate of a deceased person, and if it be a case within the proper jurisdiction of that Court, as a Court of probate, we cannot review it upon writ of certiorari. The Constitution, in the 5th section of the third article, is as follows: “ The Court of Common Pleas, in each county, shall have jurisdiction of all probate and testamentary matters, granting administration, the appointment of guardians, and such other cases as shall be prescribed by law.” By the construction which has been given to this clause of the constitution, it has been uniformly held, that no appeal could be taken from the Court of Common Pleas, in any matter merely of a probate nature, nor could any such matter be reviewed in this Court by writ of error or certiorari; 6 Ohio Hep. 148. But in a proceeding by administrators to subject the lands of an intestate to sale for the payment of debts, the case *262 is so far of an adversary character that it may be reviewed on certiorari.
Although matters of a probate and' testamentary character are by the constitution confined to the Courts of Common Pleas, still it was necessary for the General Assembly to prescribe the manner in which this trust should be performed, and this has been done. The first section of the “ act to provide for the settlement of the estates of deceased persons,” provides “ that upon the decease of any inhabitant of this State, letters testamentary, or letters of administration on his estate, shall be granted by the Court of Common Pleas of the county in which the deceased was an inhabitant or resident at the time of his death” &c. If at the time this letter of administration was granted, James Frazer was dead, and if he “deceased,” in Washington county, then the order of the Court of Common Pleas was correct, and had it been incorrect, this Court could not interfere with it by certiorari, because the matter would have been within the exclusive jurisdiction of the Court of Common Pleas.
But the order itself shows that James Frazer is not dead. It is not on this account that the administrator was appointed. Or if dead, it is not because he has ceased to live, but because he is confined in the penitentiary, and has been sentenced to remain there during life. If there is any thing in the legislation of the State which would authorize the appointment of an administrator upon the estate of a person in this situation, we have not been able to find it, nor has it been pointed out to us. But it is said that by the rules of the common law, there is such a thing as a civil death, as well as a natural death. We know that in England, there are cases in which a man, although in full life, is said to be civilly dead, but I have not learned, until this case was brought before us, that there was but one kind of death known to our laws; In New York, they have a statute which provides that where a man is, for the punishment of crime, sentenced to imprisonment in the penitentiary for life, he shall be considered as civilly dead, to all intents and purpo *263 sesin law. In the case of Troup v. Wood, 4 Johns. C. R. 247, Chancellor Kent says that he apprehends that this law which was passed March 1799, was only declaratory of the law. This opinion is based upon the pre-existing statutes of the State, and upon the common law of England, which by statute was a part of the law of New York. In the subsequent case of Platner v. Sherwood and others, 6 J. C. R. 118, the Chancellor says he was mistaken, in the opinion expressed in the case first cited, that the act of 1799 was only declaratory of the existing law. And in the latter case he decides that although a man might be sentenced to imprisonment for life in punishment for a crime, still he would not be held to be civilly dead, unless the crime was committed after the law of 1799 took effect. If then we rely upon the authority of Chancellor Kent, there is no principle of the common law by which a man in the situation of Frazer would be held to be civilly dead. it were otherwise, it would make no difference in this State, for it is perfectly manifest, that the General Assembly, in the section of the administration law heretofore quoted, had reference to no other than natural death.
It may be that there is a defect in our laws upon this subject, and that sound policy would dictate that some provision should be made for the management or distribution of the property of a person in the situation of Frazer. It has been suggested, however, that for the Legislature to enact that the estate of a person in such situation should be disposed of, as if he were dead, would be a violation of that clause of the constitution which declares that “ no conviction shall work corruption of blood or forfeiture of estate.” Whether it would be so or not, depends upon the meaning which we attach to the word “forfeiture,” as used in this connection. To me it seems clear that the intention of the Convention in the introduction of this clause, was to guard against evils existing in the country from which many of our laws are derived. In England the conviction of many offences, works “ corruption of blood and forfeiture of estate.” The forfeiture is to the King. The blood is corrupted. The *264 attainted person can neither inherit from his ancestors, nor can transm*t inheritance. His property is not given to his heirs, but by the forfeiture is taken from them. The effects of the crime of the father are thus visited upon his children. It was against such a state of things, that the Convention intended to provide.
Whether any additional enactments are necessary and proper it is not for us to decide, and what is above said is perhaps entirely out of the case. The question for us to determine is, whether the order of the Court of Common Pleas shows a state of case where it was proper to appoint an administrator, and we are unanimous in the opinion that it was not. On the contrary, it shows a state of case where such an appointment was entirely unauthorized. The same is therefore reversed.