Day, J.
There is no dispute but that the title of Sloan was good, unless Woodward had acquired a superior title under the tax sale and possession under it.
Two questions are presented: 1. Was the deed executed in pursuance of the tax sale a valid one? 2. If not, Was the action barred by the possession under Ihe tax title ?
By virtue of the statute then in force, the auditor’s deed of lands forfeited for taxes was prima facie evidence of title, and may be given in evidence without any preliminary proof. Turney v. Yeoman, 14 Ohio, 208. The effect of the statute is to change the burden of proof, which before rested upon the purchaser, and easts it upon the party who would contest the sale, to show in what particular the proceedings on which it is founded are incorrect. Cooley on Taxation, 355.
The deed must recite enough of the proceedings to show an authority to sell the laud, and to authorize the officer to make the deed. Cooley on Taxation, 353, 362 ; Blackwell on Tax Titles, *368. To comply with this requisition, it is recited in the deed, that the land was forfeited to the *596 state for the non-payment of taxes on the second. Monday of January, 1848, when it was offered for sale, and not sold for want of bidders ; and that in. December, 1849, it was sold to the assignor of the grantee of the deed.
The validity of the deed is assailed on the ground that there was no legal forfeiture of the land in 1848, as recited in the deed.
Lands can not be claimed as forfeited to the state for nonpayment of taxes without a strict compliance with the statute authorizing the forfeiture. Cooley on Taxation, 324.
Under the statutes then in force, no land could'be legally forfeited unless offered for sale ; none offered for sale unless advertised; none advertised unless contained in the auditor’s sale list; and none contained in the sale list unless returned in the delinquent list of the county treasurer.
It appears in evidence, that “ the delinquent sale list of January, 1848, did not contain a description of the land in controversy consequently, the land could not have been advertised and offered for sale in January, 1848, and could not, therefore, have been legally forfeited to the state.*
The prima fade case made by the auditor’s deed was, then, overcome by the evidence,- and the title purporting to be conveyed thereby failed.
Was the action barred by the possession under the tax title? To constitute the bar, there must have been seven years’ possession. The Court of Common Pleas found that the evidence did not satisfactorily show possession under the tax title that period of time. It is only necessary for us to say that, upon a careful examination of the evidence, we do not, as a reviewing court, feel authorized to disturb the finding of the court below.
The answer setting up the seven years’ possession does not appear to have been denied by the reply, and it is now, for the first time, so far as shown by the record, insisted that the answer must be taken as true, although the record shows that the case was tried and evidence admitted without objection or exception, as if issue had been taken on that answer. After judgment, in such a state of the case, *597 it is reasonable to presume that the reply is lost, or that it was waived. It is too late, after the judgment of the Common Pleas has been affirmed by the District Court, to make the question of error for the first time after the case has come in review in the Supreme Court. Randall v. Turner, 17 Ohio St. 262; Clements v. Moore, 6 Wall. 299; Fretz v. Stover, 22 Wall. 198.
The cases of Ann McWilliams and of Andrew Lighter against Sloan were submitted with the case just considered, and present substantially the same questions, except that relating to seven years’ possession under the tax title, relied on in that case. This defense was not insisted on in these cases.
The deeds in these cases recite a forfeiture of the land in January, 1847, and a reforfeiture in January, 1849. It was admitted on the trial, that “ the delinquent sale list of January, 1847, did not contain a description of the lands in ■controversy,” and so far falls within what we have said in relation to the deed to the grantor of Woodward. As to the reforfeiture of 1849, it is only necessary to say that if -there was no legal forfeiture in 1847, there was no statutory .ground for a reforfeiture in 1849.
It follows that the judgment of the courts below in each •of these cases must be affirmed.
Scott, Chief Judge, Wright, Johnson, and Ashburn, JJ., -concurred.