Wii/i/iAMS, J.
The instructions of the court, relieved the jury from the inquiiy, whether there was any negligent *237 omission of duty, on the part of the railroad company, with respect to providing a light or guard for the platform of the car from which Kassen fell; and wholly exonerated the company from any blame for his fall.
The single question submitted to the determination of the jury was, whether the company, through its employes, had notice that Kassen “had fallen upon its track, and -was there in an unconscious or helpless condition, such that his death or injury would be likely to occur from a following train;” and upon that question, the jury was instructed, that if the company had such notice, its duty was to exercise due care to prevent his death or injury, and its failure to do so, would render it liable, “if death was daused by the following train, while Kassen lay unconscious or helpless on ornear the track. ”
As no motion for a new trial was made, the finding of the jury upon the issues of fact submitted to it, is not open to review.' Westfall v. Dungan, 14 Ohio St. 276; Randall v. Turner, 17 Ohio St. 262; Everett v. Sumner, 32 Ohio St. 562. But if it were, we cannot say there was no evidence to sustain the verdict. In the disposition of the case here, therefore, it must be accepted as established by the verdict, that the death of Kassen did not result from his fall, but was caused by the train which subsequently ran over his body; and also, that the defendant had due notice of Kassen’s fall, in time to have prevented his death, by the exercise of ordinary care, either by stopping the train from which he had fallen, and removing him from’ the track, or by such notice to those in charge of the following train, as would have enabled them, by proper precaution, to prevent injury from it. Assuming then, that by his own negligent act, Kassen was on the defendant’s track, in a disabled and helpless condition, liable, if not removed, to be run over and killed by a train operated by the defendant, of which, the defendant, through its employes, had such notice as a person of ordinary prudence would believe and act upon, was it under any obligation to use reasonable care to prevent the destruction of his life, which otherwise probably would, and in fact did result from the movement of one of its trains? Or, did *238 Kassen’s own negligence, relieve the defendant from the observance of ordinary care to prevent the injury which ensued, or so contribute to it, as to deprive his representative of a right of action for the injury, death having resulted therefrom? The court properly instructed the jury, that the employes operating the train which ran over Kassen, were without fault. They had no notice that he was on the track, and were not required to anticipate his presence there. Until they discovered him, they were justified in running the train as if the track was clear; and it is not claimed that after his discovery, they omitted any precaution for his safety. If those employes had received notice of Kassen’s situation in time to have avoided the injury, it is clear that it would have been their duty to exercise due care in the management of the train, to do so, notwithstanding he was there through his own fault, which was known to them; and for their omission to use such care, the defendant would be liable. While they were ignorant of the situation, the defendant was not; and though the injury might have been easily averted, no means were employed for that purpose. The train from which Kassen fell might have been stopped, and he removed from the track. It is not contended that to have done so, would have endangered the passengers or employes on the train, or caused any considerable inconvenience. The defendant’s servants in control of the train which ran over Kassen, could have been notified by telegram at Middletown, of his exposed condition, and they, by the use of ordinary care in the operation of the train, could have saved him from the injury. Either precaution would have prevented the injury; and a reasonably prudent person, under the circumstances would, we think, have adopted one or the other. A proper appreciation of human life, would' dictate as much to a person of ordinary prudence.
It is a well settled rule of the law of negligence, that the plantiff may recover, notwithstanding his own negligence exposed him to the risk of injury, if the defendant, after he became aware, or ought to have become aware of the plain-tift’s danger, failed to use ordinary care to avoid injuring him. The danger to which Kassen was exposed, while on *239 the railroad track, after his fall, was that of injury from a train belonging to the defendant, operated by machinery and agencies under its control, for which it was responsible, and not' from some independent cause; and, though the defendant may not have been under any obligation to use care to prevent his injury by others, it owed him the duty of observing ordinary care to avoid injuring him in the use of its own property. And in the exercise of such care, it should have stopped the train from which he had fallen, and i emoved him from the track, or notified those in charge of the train which followed it, or would first pass over that part of the road, and cause it to be run with due regard for his safety, or adopted some other reasonable precaution to avoid the injury. The omission to do so, was actionable negligence; and Kassen’s death having been caused by such negligence, as found by the jury, the defendant is liable, unless the negligence of Kassen, so contributed to his death, as to defeat the action; and we think it did not. The rule, that the negligence of the injured party which proximately contributes to the injury of which he complains, precludes him from recovering, does not apply, where, as in this case, the more proximate cause of the injury is the omission of the other party, after becoming aware of the danger to which the former party is exposed, to use a prbper degree of care to avoid injuring him. In Kerwhacker v. C. C. & C. R. R. Co., 3 Ohio St., 172, it is held, that: “When the negligence of the defendant in a suit upon such ground of action,' is the proximate cause of the injmy, but that of the plaintiff only remote, consisting of some act or omission not occurring at the time of the injury, the action is maintainable.” And such is the well settled law. The negligence of the plaintiff’s intestate, in stepping or falling from the train while moving at a high rate speed, was only the remote, and not the proximate cause of his death; the proximate cause being, the omission of the defendant to use proper care, after having become aware of the danger to which his negligent act had exposed him.
We find no error in the charge of the court or in the refusal to charge as requested.

Judgment affirmed.