Bradbury, J.
The plaintiff in error brought an action in the court of common pleas of Franklin county against the defendant in error to recover for injuries sustained byhiminhis person, and property on account of the negligence of the railway company in running one of its trains. The action was twice tried. The first trial resulted in a verdict and judgment for the plaintiff, which judgment was reversed by the circuit court on error, and a new trial of the cause awarded, one ground of *492 the reversal being that the verdict was not sustained by sufficient evidence in this: That the evidence did not establish the negligence on the part of the railway company, but did establish that the injury was the result of the negligence of the plaintiff. The cause was remanded to the court of common pleas for further proceeding. Upon the second trial of the action in the latter court to a jury, the plaintiff introduced the same evidence that he had submitted to the former jury. Thereupon the defendant moved the court “to arrest the testimony from the jury and to render a judgment for the defendant, for the reason, that admitting all that the testimony and evidence in behalf of the plaintiff tends to prove, the testimony and evidence are not sufficient to entitle the plaintiff to a verdict.” * * *
•This motion was sustained; the evidence of the plaintiff withdrawn from the jury, the jury discharged and a final judgment entered for costs, .and dismissing the defendant without day. This was done on the second day of May, 1895. The .plaintiff in due time filed a motion for a new trial on the ground that the court had erred in withdrawing his evidence from the consideration of the jury and directing a verdict for the defendant. On July 1st, 1895, this motion was overruled, and exceptions noted. And on the 6th of August, following the plantiff’s bill of exceptions, setting forth this action of the court was duly allowed.
The plaintiff took the case to the circuit court on error, and the latter court upon motion of defendant struck the bill of exceptions from the files on the ground that it had not been allowed within the period of time prescribed by statute.
The correctness of this action of the circuit *493 court depends upon the answer to be given to the question: From what act of the court of common pleas did the period of time begin to run? If from the day on which the court withdrew the evidence from the jury, then the bill of exceptions was not allowed within the statutory period of fifty days. If the computation should be made from the day a motion for a new trial was overruled, the fifty days had not elapsed when the bill of exceptions was allowed and filed. Section 5301 Rev. Stat., as amended March 22, 1892, 89 Ohio laws, 124, in force when the bill of exceptions, which is the subject of the present controversy, was taken, provides “Sec. 5301. When the decision is not entered on the record or the grounds of the objection do not sufficiently appear in the entry, or the exception is to a decision of the court on a motion to direct a non-suit, or to arrest the testimony from the jury, or for a new trial for misdirection by the court to the jury, or because the verdict, or if a jury is waived, the finding of the court is against the law and the evidence, or in the admission or rejection of evidence, the party excepting must reduce his exceptions to writing and present the same to the trial judge or judges for allowance within fifty days after overruling of the motion for a new trial, or the decision of the court where a motion for a new trial is not necessary. ” * * *
The difficulty encountered in determining the question before the court arises out of the language of section 5301, Rev. Stat. above quoted, and similar language in section 5298, which seems to require a bill of exceptions to be allowed within fifty days from the time a decision was made where a motion for a new trial is not necessary.
A consideration of these two sections alone *494 would lead to that conclusion. There are, however, other statutory provisions that bear upon the question.
The statutes of the state do not expressly prescribe the conditions under which a motion for a new trial is or is not necessary to bring a particular question on the record. The question depends upon a judicial interpretation and construction of a number of statutory provisions, as well as of a consideration of common law principles. This court held in Earp, Supervisor, v. Railroad Co., 12 Ohio St., 621, that a motion for a new trial was not necessary where the exception was to a ruling' of the trial court upon the admission of evidence or to its charge to the jury. This court has also held that a motion for a new trial was necessary to enable the reviewing court to review the evidence where claim is made that the verdict or decision is against its weight. Westfall v. Bung an et al., 14 Ohio State, 276. Randall v. Turner 17 Ohio St., 262. In respect to a number of other grounds of error, this court has not yet determined whether or not a motion for a new trial is necessary to bring them into the record. Doubtless the inferences to be drawn from sections 5307, 5308 and 5309 Rev. Stats., as well as the nature of the grounds for a newtrialcontained in sub-divisions two, three and seven of section 5305 Rev. Stat., indicate clearly that a motion for a new trial is necessary in respect to each of them.
The sixth sub-division of section 5305, prescribes that a new trial may be had on the ground “that the. verdict, report or decision is not sustained by sufficient evidence, or is contrary to law.” The statutes of the state do not provide in express terms that a new trial may be had because a “verdict, report or decision” is contrary to or *495 against, “the weight of the evidence.” A “verdict, report or decision, ” however, should be regarded as against the weight of the evidence whenever the evidence is not sufficient to sustain it. A reviewing court therefore, by force of the provision above noticed that a new trial may be granted where the verdict, report or decision is not sustained by sufficient evidence, may grant a new trial because the verdict etc., is “against or contrary to the weight of the evidence.” This sub-division (6) of section 5305, not only authorizes a new trial upon the ground that the verdict, etc., is not sustained by sufficient evidence, but in equally explicit terms authorizes a new trial whenever the “verdict, reporter decision” is contrary to law. This ground — that the “verdict, report or decision” is contrary to law is broad and comprehensive. It would seem to include any error of law committed by the trial court in the course of atrial prejudicial to the losing party. Section 5307 Rev. Stat. prescribes the time within which an application for a new trial must be made. Section 5708 prescribes that “the application must be made by motion, upon written grounds,” certain grounds, those specified in subdivision two, three and seven of section 5305, must be sustained by proof. This plainly implies that there are other grounds for a new trial mentioned in that section (5305) which may be embodied in the motion, without proof to support them. What are they? It is not practicable to select one or more of these grounds and affirm that they may be included in the written motion for a new trial, and that the others shall not. The fair construction of these sections of the code of civil procedure relating to new trials is that any ground of error com *496 p rehended within the provisions of any one or all of the sub-divisions of section 5305 Rev. Stat., may be included in the written motion for a new trial.
It may be true that some of the rulings of the trial court do not require a motion for new trial to bring them into the record. If, as to them, none is made, the period within which a bill of exceptions must be filed begins to run from the ruling complained of. It is to this condition of those questions that this limitation applies. Where, however, the party excepting chooses to avail himself of the right granted by sections 5305, 5307 and '5308, Rev. Stats., to include the ground of error in a motion for a new trial, he re-submits the question, and the error should be regarded as arising out of the action of the court in overruling the motion for a new trial. This construction of the sections of the statute is necessary, or the party excepting in many instances will be debarred from the exercise of the valuable privilege by the provisions of sections 5305, 5307 and 5308, Rev. Stats., of a rehearing of the question in the trial court under circumstances more favorable to its deliberate consideration than attended the first investigation. This is the prime object to be obtained by a motion for new trial and we think this object should not be defeated by placing a strict construction on the section of the statute that relates primarily to the time and manner of taking bills of exceptions. .'
These views are in harmony with the conclusion reached in the case of the Cincinnatti Street Railway Co. v. Wright, supra.

Judgment reversed, and cause remanded to the circuit court for further proceedings.