Burket, C. J.
The reversal of the judgment by the circuit court was general, without stating any ground therefor, and in such case it is usual to hold the reversal to be upon all the grounds of error assigned in the petition in error. One of the assignments of error in this case was the overruling of the motion for a new trial, and one of the grounds of the motion for a new trial was, that the finding and judgment were against the weight of the evidence. One ground of reversal was, therefore, that the finding and judgment were against the weight of the evidence. The judgment of reversal must, therefore, be affirmed, because under section 6710, Revised Statutes, this court is not required to weigh the evidence to ascertain whether the circuit court was right oí wrong in said reversal.
The circuit court might well find upon weighing the evidence upon the issue joined, that the judgment of the court of common pleas was against the weight of the evidence, and therefore reverse the judgment as it did. But having reversed the judgment, had the circuit court the right under our statutes to proceed and render final judgment on the merits of the case, upon the evidence contained in the bill of exceptions ?
Section 6726, Revised Statutes, provides that upon a reversal of a judgment by the circuit court, that court shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment. It has been repeatedly held by this court that *151 the circuit- court cannot review a case upon the weight of the evidence, unless a motion for a new trial upon the ground that the judgment is not sustained by sufficient evidence, or is against the weight of the evidence, has been filed and overruled, and that this rule is applicable to all cases, both at law and in equity. Westfall v. Dung an, 14 Ohio St., 276; Ide v. Churchill, 14 Ohio St., 372; Randall v. Turner, 17 Ohio St., 262;Turner v. Turner, 17 Ohio St., 449 ; Spangler v. Brown, 26 Ohio St., 389; Everett v. Sumner, 32 Ohio St., 562.
In such cases the exception upon which the petition in error is based is, that the court erred in overruling such motion for a new trial, and the object of reviewing the testimony is to ascertain whether such motion should have been sustained or overruled. In such cases the error sought to be corrected is the error in overruling such motion for a new trial; and if the circuit court finds such error to exist, it should correct the error by doing that which the court below should have done; that is, sustain the motion for a new trial. This would make it necessary to reverse the judgment rendered by the court below, and to remand the cause to that court for a new trial.
It has often been urged, and by some courts in this state held, that in actions in which neither party is entitled to a trial by jury, the bill of exceptions may be regarded as all the evidence in the case reduced to writing, and that upon a reversal of the judgment upon the ground that the judgment is not sustained by sufficient evidence, or is against the weight of the evidence, which is the same thing, the higher court may proceed and find the facts from the bill of exceptions, and render final judgment thereon instead of remanding *152 the cause to the court below for a new trial. Under the old English chancery practice the evidence was required to be all reduced to writing-, and the chancellor refused to hear witnesses orally; but this practice was abandoned in this state at an early day, if it ever existed here ; and now the only way that the evidence can be brought in review in a higher court is upon the overruling of a motion for a new trial, based upon the ground that the verdict or decision is not sustained by sufficient evidence.
The review of the evidence is only to correct the error in overruling such motion for a new trial, and the evidence cannot be used for the further purpose of finding the disputed facts in the case, and rendering judgment 'thereon.
» The case of Yeoman v. Lasley, 40 Ohio St., 339, is often cited as an authority for the rendition of final judgment upon the evidence in a bill of exceptions, after a reversal of the judgment of the court below. That case does not go to the extent claimed. The bill of exceptions in that case contained all the evidence, and one of the errors assigned was, “That the finding and judgment were against the evidence and law. ’ ’
But the final judgment rendered was not based upon the weight of the evidence, but upon the fact that the court erred in applying the law to those facts about which there was no material conflict in the evidence. The statement is a little broad. What was meant was, that the material and controlling facts of the ease were conceded by the parties in their evidence without material conflict. And as a conflict as to an immaterial fact, or a conflict which is immaterial in substance, is not, when judicially considered, a conflict at all, the court in *153 that case acted upon what it regarded the conceded facts in the case.
Thus understood, the case belongs to that class in which the controlling facts are conceded by the parties, either in their pleadings or evidence, or both combined, or are found by the court, and in which the error of the court below lies in applying the law to such facts. In such cases, when the highér court finds that the lower court has erred in applying the law to such facts, the higher court should reverse the judgment, and proceed to render such judgment as the court below should have rendered upon such facts, or remand the cause to the court below for such judgment. And this may be done in any case, whenever the controlling facts are conceded by the parties in their evidence or pleadings, or both combined, even though there may be a conflict as to non-controlling or immateria] facts, and whether the parties are entitled to a trial by jury or not. An example of such judgment by a higher court in a case in which the parties were not entitled to a trial by jury, is found in the ease of Yeoman v. Lasley, 40 Ohio St., 339. And examples of such judgments in cases in which the parties were entitled to a trial by jury, are found in Railway Co v. Burke, 54 Ohio St., 98; Insurance Co. v. Church, 21 Ohio St., 492, and many others found in our reports. Stein v. Steamboat, 17 Ohio St., 471 is a very instructive ease on this point.
In such cases the reversal by the higher court should not be on the ground that the verdict or judgment below was against the weight of the evidence, but that it was contrary to law, that is, that the court below erred in applying1 the law to such conceded facts. The motion for a new trial in *154 such case, if such motion is necessary, should be upon the ground that the verdict or decision is contrary to law.
As new trials are only granted in proceedings in which there are issues of fact, section 5305, what is said above about remanding- eases for a new trial after reversing on the weight of the evidence, cannot apply to orders and judgments made on hearings on affidavits or evidence, for injunctions, or for the vacation of an injunction, or the dissolution of au attachment, or motions for the appointment or discharge of receivers, or motjons for the vacation of an order of arrest in a civil action and other like motions and proceedings in which no issues of fact are made up by pleadings; and there is no trial in the legal sense of that term. In such cases the higher court, upon reversal of the order made on the hearing in the court below, proceeds to make such order as it thinks the court below should have made, or remands the case to the court below with instructions to make such order. Wagner v. Railway Co., 38 Ohio St., 32.
In the case at bar, the pleadings put in issue the material and controlling fact as to whether or not Mrs. Minnear permitted the premises to be used or occupied for the sale of intoxicating liquors. The plaintiff below introduced evidence from which it might well be inferred by a court or jury that she did so permit the premises to be used and occupied, but the defendant stood upon her denial in her answer and offered no evidence. Hence it cannot be said that she conceded, either in her pleadings or evidence, that she permitted the premises to be so used or occupied.
*155 While the circuit court might well reverse the judgment on the ground that the finding and judgment were against the weight of the evidence, it could not reverse the judgment on the ground that it was contrary to law, that is, that the court below erred in applying the law to the conceded facts, because the controlling fact — the permission- — -was not conceded by Mrs. Minnear. The circuit court therefore erred in the judgment which it rendered upon the merits after the reversal of the judgment of the court below.
The judgment of reversal will be affirmed, and the judgment thereafter rendered by the eircuit court will be reversed, and the cause remanded to the court of common pleas for a new trial.
Judgment accordingly.