## ENFORCEMENT OF CONTRACT BY A SON AGAINST HIS FATHER.

Circuit Court of Cuyahoga County.

WILLIAM F. PRECHTEL v. MARTIN PRECHTEL.

Decided, March 27, 1905.

*Specific Performance—Statute of Frauds—Part Performance—Action for Specific Performance and Money Judgment Appealable.*

1. Where a father orally agreed with his son that if the latter would stay at home and work the farm until the father's debts were paid, that the father would thereupon pay the son $100 per year for his work and convey to him the farm, with a reservation of a life estate to himself; the son having fully performed and having added many valuable improvements to the farm may maintain an action for specific performance.

2. Where a party is to receive a conveyance of land and a sum of money upon a complete performance of his part of a contract, when he has fully performed he may maintain but one action, and there is but one cause of action for the money and conveyance, and such action is not triable to a jury and is appealable.

*L. B. Tanney*, for plaintiff.
*E. L. Hessenmueller*, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This case is here on appeal, and is an action for money and specific performance. The parties are father and son, and the latter sues the former upon a parol agreement by which the son promised to stay at home and work the father's farm until the father's debts should be paid, whereupon the son was to receive one hundred dollars per year for the time so consumed and a conveyance to him of the farm, subject, however, to a life lease to be retained by the father.

The amended petition in form embraces two causes of action, of which the first, after setting out the contract, alleges that there is a certain sum of money earned by and due to the plaintiff. The second cause of action, by appropriate averment.

makes the allegations of the first cause of action a part thereof, sets out improvements made by plaintiff upon the farm on the faith of said agreement, and alleges that plaintiff, after having fully performed the agreement requested a conveyance of the farm, which defendant however refused.

The court below sustained a demurrer to the second cause of action, whereupon final judgment was rendered and this appeal was perfected. Meanwhile, the first cause of action, being tried to a jury, resulted in a verdict for plaintiff. But on motion the court granted a new trial, so that no judgment for money was rendered; and that branch of the case is, in form, still pending in the court below, awaiting such new trial.

The question thus arises at the outset here whether this appeal has brought up both causes of action, or neither, or the second cause only. At the oral hearing and before we had inspected the pleadings, we were of the opinion, and so stated, that the first cause of action was not before us. But on examination of the amended petition we find, as already stated, that the second cause of action by express averment embodies all the allegations of the first cause. This mode of pleading is expressly sanctioned by the act of May 12, 1902 (95 Ohio Laws, 652). It follows therefore that if the two supposed causes of action are of such a nature that they should or may be lawfully consolidated, the plaintiff has successfully accomplished that result. And if the single cause of action thus stated, is one wherein the right to demand a jury did not exist, the case is appealable (Section 5226, Revised Statutes). Nor is this rule varied by the circumstance that the defendant filed an answer in the court below under favor of Section 5066 *et seq.*, wherein he demands affirmative relief to consist of a judgment for money only. *Sallady* v. *Webb*, 2 C. C., 553.

Upon the question whether the cause of action is single or plural in its nature, the language of Williams, C. J., in *Hull et al* v. *Bell Bros. & Co.*, 54 O. S., 228, 238, is directly in point. He says:

"The action brought by the plaintiff below was one for the specific performance of a contract, by the terms of which the de-

fendants ·jointly bound themselves, for an entire consideration agreed upon, to convey to the plaintiffs certain designated lands, and pay a specified sum of money. It may be conceded that if, before the bringing of the suit, the stipulations of the contract with respect to the conveyance of the lands had been performed, and no obligation of the defendants remained unfulfilled except that relating to the payment of the money, an action for its recovery would not be one in which an appeal could be taken. But, in the action brought, the payment of the money was sought to be enforced in connection with, and as a part of the contract for, the conveyance of the land. The plaintiffs were not required, nor permitted, to divide their action into as many separate ones as there were stipulations in the contract which the defendants were bound to perform; nor, in the same action plead each stipulation as a distinct cause of action. The petition properly states the facts as constituting one cause of action, which is for the specific performance of all the provisions of the contract which the defendants had bound themselves to perform.''

And in the same case it was held, in the second paragraph of the syllabus, that:

''An action· to enforce the specific performance of a contract for the conveyance of land and the payment of money, is not an action for the recovery of specific property, nor for money only, within·the purview of Section 5130 of the Revised Statutes, and neither party is entitled to demand a jury trial.''

We hold, therefore, in the case before us, that the case is appealable, that the appeal is not premature, and that it brings the whole case into this court.

Proceeding now to the consideration of the demurrer to the petition, the defendant claims that every aspect of plaintiff's cause of action is barred by the statute of frauds (Section 4199, Revised Statutes). With respect to the claim for wages it is enough to say that the contract was one which might or might not be performed within one year accordingly as circumstances should develop. Such a contract is not within the statute. *Randall* v. *Turner,* 17 O. S., 262; *Blakeney* v. *Goods,* 30 O. S., 350.

As· an agreement to convey land, the contract is admittedly within the statute. unless the allegation as to possession and

part performance suffice to take it out.    The defendant very properly points out that, inasmuch as the plaintiff alleges that he was to work defendant's farm and that even when the conveyance to him should be made it would still be subject to the father's life estate, there would be no such possession by plaintiff as would of itself take the case out of the statute.

But the case is otherwise as to other aspects of the claim of part performance.    The plaintiff alleges  that he had expended much labor and money in the permanent improvement of the premises by putting in tile drains, a gas well, fruit trees, etc., all of which are manifestly referable to his prospective ownership of the land under this contract.    These facts are almost identical with those in *O'Hara* v. *O'Hara*, 16 C. C., 367, wherein specific performance of a like contract was decreed by the court, it being held that improvements of a much more equivocal character than those herein alleged, were sufficient to take the case out of the statute of frauds.    We are quite in accord with that view, and the demurrer is therefore overruled.