## No. 607

### TRAVELERS INS. CO. v. WADSWORTH (Village)

Ohio Appeals, 9th District, Medina County
No. 46. Decided May 9, 1923

This opinion has not been published except in Abstract.

**MUNICIPALITY—Authority to contract for liability insurance.**

WASHBURN, J.:

Epitomized Opinion

Insurance Co. sued the Wadsworth Village in Medina Common Pleas to recover premiums on liability insurance. Trial court sustained village's demurrer to petition and entered judgment against Insurance Co. Contract was made by Insurance Co. with Board of Trustees of Public Affairs and provided that Insurance Co. should indemnify village for damages for bodily injuries and death to employes in the operation of the Light and Power Plant. Village contended municipality had no authority expressly or impliedly by statute to contract for liability insurance. Insurance Co. contended that GC. 3618, which empowers municipal corporation to operate Light Plant and to procure everything necessary therefor, GC. 4361, which authorizes Board of Trustees to make such by-laws and regulations as it deems necessary for efficient management, gives village this authority. The Court of Appeals in affirming the judgment held:

1. Village may not incur indebtedness unless expressly authorized by statute. This power to do so will not be implied if there is reasonable doubt as to statute's meaning.

2. Liability insurance is not a necessary thing within the meaning of GC. 3618.

3. Board cannot by by-law or regulation under GC. 4361 enlarge its authority to spend public funds.

4. Liability insurance is not necessary for efficient management of plant under GC. 3961. Therefore the village has no authority to contract for liability insurance.

Attorneys—Griswold, Green, Palmer & Hadden and Dustin, McKeehan, Merrick, Arter & Stewart, for Travelers Insurance Co.; F. W. Woods and H. J. Sadler, for Wadsworth.

## No. 608

### INSURANCE CO. v. BOOTH

Ohio Appeals, Ninth District
Nos. 622 and 742. May 4, 1923

This opinion has not been published except in Abstract.

**NEW TRIALS—The grounds of a motion for a new trial must appear in the record before Court of Appeals can reverse for error—BILL OF EXCEPTIONS—Unless bill of exceptions is filed in the Court of Appeals a ruling by the lower court on a motion will be presumed justified.**

Epitomized Opinion

WASHBURN, J.

In the Common Pleas, in No. 622, plaintiff recovered a judgment in an action for attorney's fees. Defendant prosecuted error to the Appeals Court. The errors complained of were such as could be raised only by the filing of a motion for a new trial. The record contained no reference to a motion for a new trial except one sentence in the journal entry which was: "Defendant's motion for new trial is heard and refused to which ruling defendant excepts." Held:

In order that a reviewing court may reverse for error in overruling a motion for a new trial, the grounds of the motion must appear in the record. This record discloses no error for which this court may properly reverse the judgment.

In No. 742, after the commencement of the above case (622) in this court, proceedings were had in Common Pleas by which the above quoted sentence in the journal entry was struck out and the bill of exceptions was amended to show that no motion for new trial was filed. Defendant then filed a motion to vacate the order of the court making said corrections on the record, on the ground of irregularly in obtaining said order. The court overruled the motion. In this case those proceedings are brought before this court for review. Held:

Since there is no bill of exceptions filed to show on what evidence the court overruled the motion, it is presumed that such finding was justified.

Judgment and proceedings in both cases affirmed.

Attorneys—Kreuger & Pelton, for Insurance Co.; Musser, Kimber & Huffman, for Booth.

## No. 609

### BALTIMORE & O. R. v. WAREHOUSE CO.

Ohio Appeals, 9th District, Summit County
No. 642. Decided May 16, 1923

This opinion has not been published except in Abstract.

**WAREHOUSEMAN—Liability for loss of goods stored by R. R.**

PARDEE, J.:

Epitomized Opinion

R. R. sued Warehouse Company in Summit Common Pleas for damages from breach of contract of indemnity growing out of loss of starch stored by R. R. in Company's Akron warehouse. Jury was waived and trial court found for defendant. R. R. prosecuted error. January 12, 1921, Stein, Hall & Co. delivered to R. R at Cleveland, consignment of starch to be sent to Firch Bakery Co., Akron. Consignment reached Akron Jan. 14, and on same day consignee was notified. On that day consignor notified R. R. to reconsign starch to Firch Bakery Co., Erie, Pa. Reconsignment instructions were issued Jan. 17 and received by R. R.'s Akron agent Jan. 19. On Jan. 18 starch was turned over to Warehouse Co. Jan. 21 reconsignment instructions were issued to Warehouse Co., but on Jan. 22, before instructions were complied with, starch was destroyed by fire in Company's warehouse. R. R. paid shipper full value of starch. July 26, 1919, R. R. while under Federal control, and Warehousee Co., made a written agreement whereby Warehouse Co. agreed to store for R. R. unclaimed freight which would not be removed by consignee from freight station within time allowed by R. R. tariffs. Agreement provided Warehouse Co. should indemnify, protect and save harmless R. R. from all claims asserted on account of freight. Defendant contended this agreement did not enlarge its liability and that agreement expired as Federal control of R. Rs expired March 1, 1920. R. R. continued to store freight with Warehouse Co. after Federal control terminated. Court of Appeals in affirming judgment held: